FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 AUG 14 AM 8: 49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PATRICK WALKER,            )
                           )
      Plaintiff,        )
                           )
v.                         )    CV 112-105
                           )
DENNIS BROWN, Warden, MS.  )
ROBERT, Warden of Administrator, and )
MS. CHAMPION, Food Service Manager, )
                           )
      Defendants.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, has been conditionally granted permission to proceed *in forma pauperis* in the above-captioned action brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks to bring this complaint as a class action on behalf of himself and numerous other ASMP inmates, and has accordingly filed a "Motion for Certification of Class." (Doc. no. 3.)

In the complaint, Plaintiff has requested appointment of counsel but has failed to show the exceptional circumstances required to justify such appointment. Accordingly, the Court has denied Plaintiff's request in a simultaneously issued order. Proceeding as a *pro se* litigant, Plaintiff will not able to represent his fellow inmates in a class action, given that "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th

Cir.1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972)[1] (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit has aptly observed,

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, see id. ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005). Simply put, incarcerated *pro se* litigants may not bring a class action on behalf of other prisoners. See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002) (holding that a *pro se* litigant "cannot adequately represent [a] putative class").

Moreover, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, requires all prisoners, even those who are allowed to proceed IFP, to pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Under Eleventh Circuit law, prisoners may not avoid the filing fee by bringing a multi-plaintiff suit, and are in fact prohibited from proceeding IFP in the same action. Hubbard v. Haley, 262 F.3d 1194, 1196-1198 (11th Cir. 2001). Here, the motion for certification contains the signatures of many inmates who intend

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

to join the proposed class, but only Plaintiff has signed and filed a request to proceed IFP.[2]

In sum, Plaintiff, as a *pro se* litigant, cannot represent the proposed class of prisoners in a class action. Moreover, the Court finds that Plaintiff's conclusory, one-page motion for class certification does not in any way comply with the requirements of Fed R. Civ. P. 23. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for class certification be **DENIED**.

SO REPORTED and RECOMMENDED this 14th day of August, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]As explained in a simultaneously filed order, any of the inmates listed in the motion for class certification who wish to pursue individual claims against Defendants must each initiate a separate action by submitting a signed complaint and either paying the applicable filing fee or filling a motion to proceed IFP.

3