FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 16 PM 3 49

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| PATRICK WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-105 |
| | ) | |
| DENNIS BROWN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice.

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of serious
> physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to

the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an

inmate's right to equal protection.  Accordingly, the court upheld the constitutionality of §

1915(g).  Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds*

*by* Jones v. Bock, 549 U.S. 199 (2007).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil

Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of

Georgia" requires that prisoner plaintiffs disclose: (1) whether they have brought other federal

lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such

lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous,

malicious, or failed to state a claim.[2]  (Doc. no. 1, pp. 1-3.)  Under penalty of perjury, Plaintiff

identified only one other previous case, Walker v. Danforth, CV 711-071 (M.D. Ga. July 18,

---

[1]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known
as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee
before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d
719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones
v. Bock, 549 U.S. 199 (2007).

[2]Under the question concerning whether a prisoner plaintiff has brought any lawsuits
in federal court dealing with the facts other than those involved in this action, the prisoner
plaintiff who has brought any such lawsuits is specifically instructed to describe each such
lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described
on another piece of paper. (Id. at 3.)

2012). (Id. at 2-3.)

However, the Court is aware of three other § 1983 cases that Plaintiff previously filed in federal court. See Walker v. Walker, CV 511-360 (M.D. Ga. Aug. 23, 2012) (hereinafter "CV 511-360");[3] Walker v. Williams, CV 511-495 (M.D. Ga. Jan. 27, 2012); and Walker v. Brown, CV 512-099 (M.D. Ga. Mar. 27, 2012) (hereinafter "CV 512-099").[4] Thus, Plaintiff clearly provided false information about his prior filing history in his complaint.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[5]

---

[3]The Court notes that, in addition to Plaintiff failing to disclose that he had previously filed CV 511-360, he also indicates on his complaint form that he has never had a suit dismissed for failure to state a claim. (Doc. no. 1, p. 3.) However, in CV 511-360, the court granted the defendants' motion to dismiss for failure to state a claim. See CV 511-360, doc. no. 23.

[4]After being initially filed in the Macon Division of the United States District Court for the Middle District of Georgia, CV 512-099 was transferred to the Augusta Division of the United States District Court for the Southern District of Georgia. See CV 512-099, doc. no. 4.

[5]The court in Parker thoughtfully ruled as follows:

> The sophistication of [p]laintiff's substantive arguments and his knowledge of the procedural rules convince this Court that [p]laintiff

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[6] See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right.").

SO REPORTED and RECOMMENDED this 16th day of October, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

understands the severity of not revealing the truth to the Court. This Court has the authority to control and manage matters such as this pending before it. This Court firmly believes that [p]laintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration by the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here [p]laintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn [p]laintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for [p]laintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditious closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10, doc. no. 4 (M.D. Fla. May 2, 1996).

[6]The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006).